Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Facsimile)
irvberg@comcast.net (e-mail)

ATTORNEY for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JIMMY L. CASTRO, individually and on behalf of others similarly situated,<br><br>          Plaintiff,<br>v.<br><br>ZENITH ACQUISITION CORP.; NORTH STAR CAPITAL ACQUISITION LLC; and GREGORY NOWICKI, an individual<br><br>          Defendants.<br>_____ / | Case No.: C 06-04163 SI<br><br>**MOTION FOR DISMISSAL WITH PREJUDICE AS TO NAMED PLAINTIFF**<br><br>**NO HEARING REQUIRED** |

## I. PROCEDURAL FACTS

1. On or about July 5, 2006, Plaintiff JIMMY L. CASTRO ("Plaintiff") commenced this action against Defendant, ZENITH ACQUISITION CORP AND NORTH STAR CAPITAL ACQUISITION LLC.

2. On or about August 23, 2006, Defendants filed their Answer.

3. Plaintiff has not yet moved for class certification, this case has not received any publicity, and counsel is not aware of any putative class members who have relied upon this action.

4. The parties have settled this case on an individual basis, and have agreed to

MOTION FOR DISMISSAL WITH PREJUDICE                                                              CASTRO V. ZENITH, *et al.*
                                                                                                                                                                               CASE NO. C 06-04163 SI

1

1 stipulate to dismissal of this case with prejudice, without costs, and not affecting the rights of any
2 putative class members other than Plaintiff (Docs #12, 13, 14).
3     5.    Based upon the foregoing, Plaintiff asks that the court dismiss this action with
4 prejudice as to Plaintiff Jimmy L. Castro and without costs. The claims of the putative class
5 members shall not be affected, except for Plaintiff.

## II. STATEMENT OF QUESTION PRESENTED

Should Plaintiff's unopposed motion to dismiss the class allegations from his complaint be granted pursuant to Rule 23(e)?

This question should be answered in the affirmative

## III. ARGUMENT

### A. COURT'S DISCRETION

Federal Rule of Civil Procedure 23(e) provides that:

> A class shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in a manner as the court directs

The district court's decision to approve or reject a class settlement is committed to the sound discretion of the trial judge because the judge is exposed to the litigants, and their strategies, positions and proof. *Glidden v. Chromalloy American Corp.*, 808 F.2d 62, 627 (7th Cir. 1986). Also see: *Mego Financial Corp. Securities Litigation*, *In re* 213, F.3d 454, 458 (9th Cir. 2000).

Pursuant to Rule 23(e), Plaintiff moves the Court for leave to dismiss the class action allegations as set forth in the Complaint without notice to the class. The Court must exercise discretion before the dismissal of class claims and determination of the appropriate Rule 23(e) procedures. For example, in *Diaz v. Trust the Pacific Islands*, 876 F.2d 1401, (9th Cir. 1989), the Ninth Circuit noted that :

> . . .the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations; (3) any settlement or concession of class interests made

MOTION FOR DISMISSAL WITH PREJUDICE     CASTRO V. ZENITH, *et al.*
    CASE NO. C 06-04163 SI

by the class representative or counsel in order to further their own interests.

"Notice to the class of pre-certification dismissal is not, however, required in all circumstances." *Id.* Also see: *2 Newberg on Class Actions* § 8.18 and § 1170. Applying the Diaz factors to the facts here, it is plain that there is no prejudice to the potential class members and that notice to the class members is not required.

### B. CLASS MEMBERS RELIANCE

It is doubtful that any purported class member has relief on filing of this action to protect his or her claims. It is highly unlikely that the class members were aware of the present action. There has been no publicity regarding this matter or plaintiff's claims against Defendants. Thus, potential class members did not rely on the filing of the present action to assert or protect their claims. No putative class members have filed any other action, or contacted any of the parties, or sought to intervene.

### C. STATUTE OF LIMITATIONS

There is no claim that there is lack of adequate time for putative class members to file other actions, because of a rapidly approaching Statute of Limitations. No other lawsuits have been filed. No putative class members have contacted either Plaintiff, Plaintiff's counsel, Defendants, or Defendant's counsel regarding this litigation.

The Supreme Court held that in *American Pine and Construction* v. *Utah*, 414, U.S. 538. 38 L.Ed. 2d 713, 94 S.Ct. 756 (1974), that the filing of a class tolls the Statute of Limitations on all individual claims covered by the class action. With the filing of the present lawsuit, claims of the potential class members were tolled. Thus, the Statute of Limitations is not "rapidly approaching" and the potential class members are not prejudiced thereby.

### D. NO CONCESSION OF ANY CLASS INTERESTS

Neither concession nor settlement of class claims is being made and this settlement will not affect any other pending cases or any right to bring an action by any putative class member.

MOTION FOR DISMISSAL WITH PREJUDICE              CASTRO V. ZENITH, *et al.*
CASE NO. C 06-04163 SI

The class claims against the Defendants are being dropped because of the risk and uncertainty of litigation. The proposed settlement is only with regard to Mr. Castro's claim against the Defendants. No rights or claims of the potential class members are surrendered or otherwise compromised. Thus, the proposed settlement between Mr. Castro and the Defendants will not prejudice the potential class members.

## IV.  CONCLUSION

As discussed above, the potential class will not be prejudiced by dismissal of the class claims against the Defendants. Therefore, Plaintiff's unopposed Motion for Dismissal with Prejudice as to Named Plaintiff.

Dated: January 3, 2007          /s/
                                Irving L. Berg
                                THE BERG LAW GROUP
                                145 Town Center, PMB 493
                                Corte Madera, CA  94925
                                (415) 924-0742
                                (415) 891-8208 (Facsimile)
                                irvberg@comcast.net (e-mail)

                                ATTORNEY FOR PLAINTIFF

### [PROPOSED] ORDER

The Court has reviewed and considered Plaintiff's Motion for Dismissal; Good cause appearing it is so Ordered.

DATED: _____          _____
                                 United States District Court Judge

MOTION FOR DISMISSAL WITH PREJUDICE                    CASTRO V. ZENITH, et al.
                                                       CASE NO. C 06-04163 SI